## CIRCUIT COURT OF THE CITY OF RICHMOND

John R. Shulse

v.

Ivan L. Morton et al.

January 29, 1986

By JUDGE WILLARD I. WALKER

The facts of this case establish that on October 12, 1984, Ivan L. Morton, the petitioner in this matter to set aside a default judgment, was not properly served with process under § 8.01-296 either in his individual capacity or in his capacity as registered agent for Nationwide Auto Disposal, Inc., and Mazda RX-7 Specialists, Inc. This is so, because the only evidence before the court was that the papers were left with his secretary who had direct orders from him not to accept service of process on his behalf; and, although the return of service from the officer indicates personal service on Mr. Morton, it appears, conclusively, that such was not the case.

It is equally true that the papers left with the secretary, which consisted of three motions for judgment with notices of motion for judgment attached in the customary fashion, were left by the secretary with the mail and on the desk of Mr. Morton. Mr. Morton admitted that within a week to ten days he did in fact see these papers. He indicated that he mistook them for being complimentary copies of a motion for judgment, testimony which the court does not find credible. He made no inquiry of the court as to the status of the matter. He made no further attempt to respond within twenty-one days as called for in the notices of motion for judgment, as a consequence of which Judge Hughes of this court entered judgment against the three defendants on December

21, 1984, in the amount of $9,500 compensatory damages and $4,000 punitive damages.

Under the provisions of Code of Virginia Section 8.01-288, process which reaches a person within the prescribed time, if any, is, although not served properly or accepted by the individual, nonetheless valid process.

Of course, a considerable time has passed since the entry of this default judgment. The court cannot act outside of the twenty-one days, nor do I find any basis to declare this judgment void for lack of service of process and there by set aside the default judgment under the provisions of Code of Virginia § 8.01-428.

Accordingly, the petition to set aside the default judgment in this case is denied.